UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ENTRAL GROUP INTERNATIONAL, LLC,

                    Plaintiff,

        - v -

MELODY OF FLUSHING CORP, et al.,

                    Defendants.
----------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-05-1917 (CBA)(VVP)

        The defendants have moved to vacate the default noted by the clerk of court in this matter, and Judge Amon has referred the matter to me for a report and recommendation. For the reasons below, I recommend that the motion be denied.

        The plaintiff filed this action in April 2005 and served the summons and complaint on the defendants on June 2, 2005. The fact of service is not disputed. Indeed, following service of the complaint, but after the time to respond had expired, an attorney acting on behalf of the defendants contacted the plaintiff's counsel. The plaintiff's counsel agreed at that time to forego making a motion for a default judgment upon the understanding that discussions concerning settlement would proceed promptly. Although some discussions apparently occurred sporadically thereafter, they did not result in a settlement. Nor did the defendants' attorney enter a notice of appearance in the action or take any action to respond to the complaint. When the defendants' attorney failed to communicate with the plaintiff's counsel for a period of time, the plaintiff filed a motion for default judgment in October 2005 based on the defendants' failure to answer or otherwise respond to the complaint.

        Following the clerk's entry of a default, Judge Amon referred the matter to me for an inquest on damages. By order dated January 30, 2006, a schedule for submissions concerning

damages was set, and the plaintiff made submissions in accordance with the schedule. Although the schedule provided for submissions by the defendants, they made none. Instead, in early April, after the time for submissions had expired, a new attorney acting on behalf of the defendants entered a notice of appearance. Following a conference with the court, the defendants made the instant motion to vacate the default.

## DISCUSSION

Motions for setting aside a default are governed by Rule 55(c) of the Federal Rules of Civil Procedure, which provides, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Longstanding authority in the Second Circuit has established that such motions require an analysis of three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2nd Cir. 1993) (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2nd Cir. 1991), *cert. denied*, 503 U.S. 1006 (1992); *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir.1987); *Meehan v. Snow*, 652 F.2d 274, 277 (2nd Cir. 1981)).

The only factor that even arguably favors the defendants here is the first. They contend that their default was not willful because they were unaware that their first attorney had failed to respond to the complaint. Their attorney's conduct, however, is imputed to them in the absence of evidence that they actively monitored his handling of the matter. *See SEC v. McNulty*, 137 F.3d 732, 739-40 (2nd Cir. 1998).

The second and third factors favor the plaintiff. As to prejudice, the plaintiff has been delayed for over a year by the defendants' failure to address the complaint, and reopening the

matter at this point will only further delay the plaintiff from obtaining relief for the alleged infringing conduct. Delay, alone, does not constitute prejudice. But once a plaintiff has expended resources and incurred attorneys fees establishing liability and damages, it undeniably suffers prejudice if the case is reopened and it is required again to establish those matters. *See, e.g, TWC Cable Partners v. Voto*, No. 94 CV 1750, 1996 WL 12627, at *3 (E.D.N.Y. Jan. 2, 1996); *Original Appalachian Artworks, Inc. v. Yuil International Trading Corp.*, 105 F.R.D. 113, 118 (S.D.N.Y. 1985). Finally, as this action is but one of a number of actions the plaintiff has commenced against karaoke clubs like the defendants' establishment, a ruling that relieves the defendants of any consequences for their failure to respond to the lawsuit is likely to encourage other similarly situated defendants to do the same.

In the absence of a wilful default, suffering such prejudice might be required if the court were satisfied of the existence of a meritorious defense. The defendants here, however, have offered no evidence whatsoever to suggest they have a defense. Indeed, their own submission on this motion contains a letter from their former counsel to the plaintiff's counsel essentially admitting that some infringing conduct had occurred. *See* Zhang & Associates, LLC Letter, Feb. 22, 2006, annexed to Ying Decl., Ex. 1. The defendants offer only unsupported assertions that the plaintiff will be unable to prove its title in the copyrighted works at issue and cannot demonstrate infringement. Something more than conclusory statements are required to establish the existence of a meritorious defense. *See, e.g., TWC Cable Partners*, 1996 WL 12627, at *3; *Original Appalachian Artworks, Inc.*, 105 F.R.D. at 117; *ILGWU National Retirement Fund v. Empire State Mills*, 696 F. Supp. 885, 889 (S.D.N.Y. 1988).

Given the above considerations, it appears that the appropriate course for this action is to deny the motion to vacate the default. Doing so would not necessarily preclude the defendants

from contesting damages and the other requests for relief made by the plaintiff. *See, e.g., Original Appalachian Artworks, Inc.*, 105 F.R.D. at 118. Accordingly, I recommend that the motion to vacate the default be denied, but that the inquest proceedings be reopened to permit the defendants to contest damages and the other relief sought by the plaintiff.

\* \* \* \* \* \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
November 3, 2006