UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ENTRAL GROUP INTERNATIONAL, LLC,

                Plaintiff,

- against -

MELODY OF FLUSHING CORP, et al.,

                Defendants.
--------------------------------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
05 CV 1917 (CBA)

AMON, United States District Judge:

I. **Background**

On April 19, 2005, plaintiff Entral Group International, LLC, a licensor and distributor of Chinese language audio-visual karaoke works, brought this action alleging that defendants commercially used and continues to use plaintiff's works in violation of the copyright laws of the United States, 17 U.S.C. § 101 et. seq., federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a), federal false advertising under 15 U.S.C. § 1125(a), and New York and common law. Defendants never responded to the complaint. On October 11, 2005 plaintiff filed a motion for default judgment. The Clerk entered the notation of default on October 17, 2005. This Court referred the matter to Magistrate Judge Viktor Pohorelsky for an inquest on damages. On January 30, 2006, Judge Poholrelsky set a schedule for submissions on damages. Defendants did not make any submissions according to the schedule set by Judge Pohorelsky, but filed a motion to vacate the default on April 21, 2006 after the time for submissions had expired. In fact, defendant did not make any appearance in this case until April 3, 2006, almost a year after plaintiff filed its lawsuit. Magistrate Judge Poholrelsky issued a Report and Recommendation ("R&R") on November 3, 2006, recommending that the motion to

1

vacate the default be denied but that the inquest proceedings be reopened to permit the defendants to contest damages and the other relief sought by the plaintiff.

On November 20, 2006, defendants' attorney filed a notice indicating that the plaintiff had agreed to extend the time to file objections to the R&R until December 1, 2006. On December 1, 2006, defendants filed their objections with this Court. Defendants argue in their objections that Judge Poholrelsky erred by applying the standard applicable to motions for vacatur of an entry of default judgment under FRCP 60(b) rather than the more lenient standard applicable to motions for vacatur of an entry of default under FRCP 55(c). Defendants also argue that Judge Poholrelsky erred by finding that the factors the court considers for vacatur of an entry of default, willfulness of the default, the existence of a meritorious defense, and prejudice to the plaintiff, did not support vacatur.

**II.  Discussion**

  *A.  Standard*

The basis of defendants' complaint that Judge Pohorelsky applied the wrong standard is that Judge Pohorelsky cited to <u>SEC v. McNulty</u>, 137 F.3d 732, 739-40 (2d Cir. 1998), a case decided under FRCP 60(b). However, that case was not cited for the standard to be applied in vacating a default but rather for the proposition that defendants' attorney's conduct is imputed to them in the absence of evidence that they actively monitored the handling of the matter. Defendants provide no other reason to suggest that Judge Poholrelsky applied the wrong standard.

  *B.  Willfulness*

Defendants complain that there is not evidence that the default was committed wilfully.

As noted above, defendants complain that it was improper of Judge Pohorelsky to impute the actions of their original lawyer to them in the context of a FRCP 55(c) motion. However, even without imputing the actions of Mr. Zhang to them, there is sufficient evidence of willfulness. After the entry of default, on January 30, 2006, Judge Pohorelsky ordered the parties to make submissions with respect to damages and directed the plaintiff to serve the order on the defendants by certified mail. Plaintiff complied with this order and filed its proof of mailing on January 31, 2006. Thus, defendants were put on notice that their counsel had not responded to the complaint at this point. Despite this, defendants did nothing to remedy this default until April 3, 2006, when defendants replaced Mr. Zhang and Mr. Hoffman filed a notice of appearance. Their failure to remedy the default in a timely manner supports a finding that the default was willful.

    C.  *Existence of a Meritorious Defense*

Defendants argue that they have shown they have a meritorious defense to this action and thus this factor weighs towards granting vacatur. In their brief, the defendants merely recite, in four sentences, that they have a meritorious defense. (Def.'s Mem. of Law in Supp. of Mot. to Vacate Clerk's Entry of Default, at 2.) One of their assertions, that plaintiff will not be able to demonstrate infringement, is belied by a letter from defendants' original counsel to plaintiff's counsel in this matter in which he says that defendants did not use the copyrighted works "too much." (Letter from Zhang to Clark, Feb. 22, 2006, ECF #26.) One of their other assertions, that plaintiff's have not proven their chain of title, is not sufficient for a finding of a meritorious defense as they provided no reason to doubt plaintiff's title in the works. Their statement in their objections, that there is no document showing the passing of the chain of title from the record

3

companies to TCW does not convince this Court that a meritorious defense exists.

Defendants also argue that Judge Pohorelsky should have considered the defenses they proposed to assert in their September 23, 2006 letter to the Court requesting a pre-motion conference. In that letter, defendants argued that the complaint is deficient because it does not identify which specific works they are alleged to have infringed and that the complaint fails to sufficiently allege the personal liability of Mei-Ling Ying, the chairman of Melody of Flushing Corp. However, the complaint is sufficiently specific to survive a Rule 8 challenge as "the plaintiff is not required to assert exactly which individual elements of the copyrighted works were infringed." Home & Nature Inc. v. Sherman Specialty Co., Inc., 322 F.Supp.2d. 260, 266 (E.D.N.Y. 2004) (sufficient to list the body of works and allege that defendant has infringed one or more of the copyrights).[1] Defendants' second argument also fails. In the complaint, Mei-Ling Ying is included in the definition of "Defendant." (Compl. at ¶ 3.) Thus, all of the allegations in the complaint are asserted against Mei-Ling Ying individually, as well as Melody of Flushing Corp.

Defendants have not shown, in any of its submissions, the existence of a meritorious defense. Accordingly, Judge Pohorelsky corrected found that this factor weighed in favor of denying defendants' motion.

### D. Prejudice to the Plaintiff

Defendants argue that Judge Pohorelsky wrongly concluded that plaintiff would be prejudiced because there is no showing that the plaintiff has expended resources establishing

---

[1] Moreover, defendants have been permitted to participate in the damages hearing. At that hearing, to the extent that plaintiff seeks statutory damages for infringement of individual works, plaintiff will have to show which specific works were infringed.

liability and damages. However, this was not the sole basis of Judge Pohorelsky's determination that the plaintiff would be prejudiced. Judge Pohorelsky also notes that "a ruling that relieves the defendants of any consequences for their failure to respond to the lawsuit is likely to encourage ... defendants [in the plaintiff's other actions against karaoke clubs] to do the same." (R&R, at 3.) Judge Pohorelsky properly found prejudice given the year delay and the potential to encourage dilatory behavior by other similarly situated defendants.

  *E.*  *Remaining Balance of the Equities*

Defendants also argue the fact that the plaintiff is seeking a "massive" judgment against defendants is an additional factor that weighs against this Court adopting the R&R. However, Judge Pohorelsky's recommends that the damages inquest be reopened so that the defendants can challenge the amount of the damages asserted. This precaution is sufficient to ensure that the defendants' concerns about the impact of the judgment are addressed.

Accordingly, the defendants' motion to vacate the default is denied.

  SO ORDERED.

Dated:  Brooklyn, New York
     January 5, 2007

                 Carol Bagley Amon
                 United States District Judge

5